UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ZACHARY LONG and
KATIE LONG                                                                   PLAINTIFFS

v.                                             CIVIL ACTION NO. 3:16-CV-00344-CRS

JUICE BOX VAPOR COMPANY;
PREMIUM ESTORE, LLC;
SHENZHEN FEST TECHNOLOGY;
WHOLESALE VAPOR, INC.; and
UNKNOWN DEFENDANTS A-Z, who
upon information and belief, whether on
its own or acting in concert with another,
did (a) manufacture, design, sell, or
distribute certain coils, as described more
particularly herein, to Juice Box and/or
(b) manufacture, design, sell, or distribute
the Efest battery and/or the Efest battery
charger, as described more particularly
herein.                                                                       DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court on defendant The Juice Box Vapor Company, LLC's ("Juice Box") motion for default judgment on its crossclaim against defendant ShenZhen Fest Technology Company, Ltd. ("ShenZhen"). ECF No. 23. ShenZhen has not responded. For the reasons stated below, this motion will be granted.

On June 3, 2016, Zachary and Katie Long (collectively "the Longs") filed suit against Juice Box, ShenZhen, and others in this court. ECF No. 1. Their amended complaint alleges that Zachary Long suffered bodily injury when an e-cigarette that he purchased from Juice Box exploded in his mouth. ECF No. 14, ¶ 23. It further alleges that the e-cigarette's battery—which was the source of the explosion—was designed, manufactured, and sold by ShenZhen. *Id.* at ¶ 4.

1

Zachary Long asserts claims for strict liability, negligence, negligent infliction of emotional distress, and violations of the Kentucky Consumer Protection Act against Juice Box and ShenZhen. *Id.* at ¶¶ 34-231. Katie Long asserts claims for loss of consortium against Juice Box and ShenZhen. *Id.* at ¶¶ 232-237.

On August 11, 2016, Juice Box filed its answer and crossclaim in this case. ECF No. 7. The crossclaim alleges claims for indemnity and apportionment of fault against ShenZhen. *Id.* at 21-24. On August 16, 2016, a Summons in a Civil Action was issued for the crossclaim. ECF No. 10. Pursuant to Federal Rules of Civil Procedure 4(h) and 4(f), this Summons and a copy of the crossclaim were duly served upon ShenZhen in accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. ECF No. 21-1.

ShenZhen failed to file an answer to the crossclaim or any other pleadings, and failed to otherwise appear. Accordingly, on October 27, 2016, the Clerk of Court entered default against ShenZhen pursuant to Federal Rule of Civil Procedure 55(a). ECF No. 22.

Juice Box now requests that this court enter default judgment against ShenZhen pursuant to Federal Rule of Civil Procedure 55(b). Specifically, the corporation requests that the court order and adjudge that it is entitled to the relief sought in its crossclaim, namely that (1) Juice Box shall be entitled to an apportionment instruction to the jury at trial of this matter whereby fault may be attributed to ShenZhen, and the portion of fault attributed to ShenZhen will reduce the damages, if any, the Longs may recover from Juice Box pursuant to KRS 411.182; (2) should Juice Box be held liable to the Longs, it shall be entitled to indemnity, subrogation, and/or recovery from ShenZhen against such liability and to a judgment against ShenZhen for any and all sums Juice Box is required to pay; and (3) leave to seek further relief as necessary to enforce, clarify, modify, and/or amend such default judgment.

Under Federal Rule of Civil Procedure 55(b), "[a] party must apply to the court for a default judgment" when an opposing party fails to plead or otherwise defend against a claim. Before the court enters default judgment, there must be an entry of default by the clerk of court pursuant to Federal Rule of Civil Procedure 55(a).

In the present case, Juice Box properly served ShenZhen with the Summons and a copy of the crossclaim in accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. ShenZhen failed to answer or otherwise defend itself against the crossclaim. Juice Box then obtained an entry of default against ShenZhen by the Clerk of Court. Therefore, default judgment against ShenZhen is appropriate.

For these reasons, Juice Box's motion for default judgment will be granted. An order will be entered in accordance with this memorandum.

January 18, 2018

Charles R. Simpson III, Senior Judge
United States District Court