UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
FRANKFORT DIVISION
Case No. 3:16-CV-344-CRS
*Electronically Filed*

ZACHARY LONG, *et al.*             PLAINTIFFS

vs.

JUICE BOX VAPOR COMPANY, *et al.*             DEFENDANTS

**MEMORANDUM IN SUPPORT OF PREMIUM
ESTORE, LLC'S MOTION FOR
JUDGMENT ON THE PLEADINGS**

Defendant, Premium Estore, LLC ("Premium Estore"), by counsel, for its Memorandum in Support of its motion for judgment on the pleadings, states as follows:

**FACTS**

This case was filed against Premium Estore based on the allegation that it sold a defective Efest brand battery to Juice Box, LLC, which in turn sold the allegedly defective battery to Plaintiff, Zachary Long. See Amended Complaint [DKT 14] at ¶¶ 10, 29. The battery allegedly overheated and caused damages to Plaintiff. The battery at issue was manufactured and sold to Premium Estore by a Chinese company called ShenZhen Fest Technology ("SZFT").

The specific theories alleged against Premium Estore are:

- strict liability (Paragraphs 83-92);
- negligence (Paragraphs 93-98);
- negligent infliction of emotional distress (Paragraphs 99-104);
- violations of the Consumer Protection Act (Paragraphs 105-114) ; and
- Katie Long's claim for loss of consortium (Paragraphs 232-237).

1

SZFT has been brought before the Court as is evident from the entries of default in favor of Juice Box [DKT 22] and Plaintiffs [DKT 25], and the Default Judgment that has been entered in favor of Juice Box [DKT 27]. Plaintiffs' motion for a default judgment is now pending.

## ISSUES

Based on the pleadings alone, and accepting the allegations of the Amended Complaint as true, Premium Estore is entitled to a Judgment pursuant to FRCP 12(c) and the Kentucky Middleman Statute, KRS 411.340 on all claims, however styled, arising out of the allegedly defective Efest battery. This includes claims of strict liability, negligence, negligent infliction of emotional distress and lost consortium. Premium Estore is the sort of middleman the statute is designed to protect. To the extent the Amended Complaint alleges that Premium Estore had knowledge of a defect at the time it sold the product, such conclusory allegations do not suffice to bring this case into the prior knowledge exception under the Middleman Statute. The claims under the Kentucky Consumer Protection Act (KCPA) fail on their face because Plaintiffs have not alleged, and cannot show, the required privity. For these reasons, judgment should be entered in favor of Premium Estore before discovery is required.

## LAW

### I. STANDARD FOR A JUDGMENT ON THE PLEADINGS.

FRCP 12(c) allows a party to move the Court for a judgment after the pleadings have closed on the same basis as a FRCP 12(b)(6) motion to dismiss for failure to state a claim.[1] Such a motion allows the Court to resolve claims at an early stage of the case, before expensive discovery is required from a party where the claim for relief fails on the face of the pleadings.

---

[1] FRCP 12(h)(2) provides "Failure to state a claim upon which relief can be granted… may be raised… (B) by a motion under Rule 12(c).

> If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible. Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.
>
> In sum, as the burdens of allowing a dubious claim to remain in the lawsuit increase, so too does the duty of the district court finally to determine the validity of the claim. Thus, when faced with a motion to dismiss a claim for relief that significantly enlarges the scope of discovery, the district court should rule on the motion before entering discovery orders, if possible. The court's duty in this regard becomes all the more imperative when the contested claim is especially dubious.

*Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997).

The standard for a motion to dismiss have been succinctly summarized:

> Upon a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff[ ]," *League of United Latin American Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir. 2007), "accept all well-pled factual allegations as true," *id.,* and determine whether the "complaint ... states a plausible claim for relief," *Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Under this standard, the plaintiff must provide the grounds for his or her entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A plaintiff satisfies this standard only when he or she "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. A complaint falls short if it pleads facts " 'merely consistent with' a defendant's liability," *id*. at 678, 129 S.Ct. 1937 (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955), or if the alleged facts do not "permit the court to infer more

than the mere possibility of misconduct," *id*. at 679, 129 S.Ct. 1937. Instead, the allegations must " 'show[ ] that the pleader is entitled to relief.' " Id. at 679, 129 S.Ct. 1937 (quoting Fed. R. Civ. P. 8(a)(2)).

*Estate of DeMoss by and through DeMoss v. Eli Lilly and Company*, 234 F. Supp. 3d 873, 876–77 (W.D. Ky. 2017). *See also, Ward v. Shircliff*, CIV.A 3:09CV-713-S, 2010 WL 686265, at *1 (W.D. Ky. Feb. 23, 2010)("a complaint must contain sufficient facts to state a claim for relief that is 'plausible on its face.'").

    **II.**     **PREMIUM ESTORE QUALIFIES AS A MIDDLEMAN UNDER THE KENTUCKY STATUTE THAT PROTECTS SUCH SELLERS WHERE THE MANUFACTURER OF AN ALLEGEDLY DEFECTIVE PRODUCT IS SUBJECT TO THE JURISDICTION OF THE COURT.**

KRS 411.340, the Kentucky Middleman Statute, provides:

> In any product liability action, if the manufacturer is identified and subject to the jurisdiction of the court, a wholesaler, distributor, or retailer who distributes or sells a product, upon his showing by a preponderance of the evidence that said product was sold by him in its original manufactured condition or package, or in the same condition such product was in when received by said wholesaler, distributor or retailer, shall not be liable to the plaintiff for damages arising solely from the distribution or sale of such product, unless such wholesaler, distributor or retailer, breached an express warranty or knew or should have known at the time of distribution or sale of such product that the product was in a defective condition, unreasonably dangerous to the user or consumer.

Here Premium Estore need make no "showing" by a preponderance of the evidence that the subject battery was "sold by him in its original manufactured condition or package" because Plaintiff's own pleadings establish those facts. In Paragraph 29 of the Amended Complaint, Plaintiffs state:

> The subject Efest battery was in substantially same condition as when it was (1) designed and manufactured by SZFT or Unknown Defendants A-Z (2) sold by SZFT or Unknown Defendant A to Premium Estore; (3) sold by Premium Estore to Juice Box and (4) sold by Juice Box to Mr. Long.

4

The purpose of the Middleman Statute is "to protect middlemen who 'merely sell' another manufacturer's products." *Parker v. Henry A. Petter Supply Co.,* 165 S.W.3d 474, 477 (Ky. App. 2005); *Taylor v. Southwire Tools & Equipment*, 130 F.Supp.3d 1017 (E.D.Ky. 2015)(Statute is designed to "protect pass-through entities like Southwire, and hold the manufacturers of defective products liable.") Since the manufacturer of the Efest battery is subject to the jurisdiction of the Court, the claims against Premium Estore should be dismissed.

### A. The prior knowledge exception has not been adequately pled.

There is an exception to the Middleman Statute that would allow the Plaintiff to proceed if it is shown that Premium Estore "knew or should have known at the time of distribution or sale of such product that the product was in a defective condition, unreasonably dangerous to the user or consumer." Plaintiff alleges in Paragraph 85 of the Amended Complaint:

> Premium Estore sold the subject Efest battery for use in electronic cigarettes when it knew or should have known that the Efest battery was designed and manufactured with a propensity to suddenly explode.

The problem with this allegation is that it does not meet the standards for pleading a cause of action in federal court under *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1950 (2009)("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not `show[n]' — that the pleader is entitled to relief.") This mere conclusory allegation of knowledge on the part of Premium Estore, without any explanation of what facts were allegedly known by Premium Estore that would make it reasonable to conclude that Efest batteries have a propensity to suddenly explode, does not meet Plaintiff's burden. This is not like an asbestos case where general industry knowledge of a dangerous product can be established. These allegations invite the Court to speculate that there might be something out there to show such knowledge, but a case cannot proceed based on that kind of speculation.

5

For purposes of a motion to dismiss under 12(b)(6) or for judgment on the pleadings under 12(c), courts are required to accept all of the factual allegations in the complaint as true, but they "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). *See also Ashcroft v. Iqbal*, 129 S. Ct. 1937, *30 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")

*Twombly* goes on to say that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotations & citations omitted). More is required because a "naked assertion" of liability "gets the complaint *close* to stating a claim, but without some further factual enhancement . . . it stops short of the line between possibility and plausibility of entitle[ment] to relief." *Id.* at 557 (emphasis added; internal quotation marks omitted). Requiring a pleader to *cross* that line protects against "a plaintiff with a largely groundless claim be[ing] allowed to take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value." *Id.* at 558 (citing *Dura Pharmaceuticals, Inc. v. Bruodo*, 544 U.S. 336, 347 (brackets added; internal quotation marks omitted)). Such protection is particularly appropriate given the significant costs of modern litigation.

In other words, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" do not suffice to plead a claim under Rule 8(a)(2). *Ashcroft*, 129 S. Ct. 1937, *28 (citing *Twombly, 550 U.S. at 555)*. In order to cross the line between possibility and plausibility of entitlement to relief

the pleader must move beyond "the factually neutral," and into "the factually suggestive." *Id.* at 557 n.5. *Ashcroft* reiterates this point: "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* at 1949 (citing *Twombly* at 557 (brackets and internal quotation marks omitted). The *Ashcroft* court explained as follows the justification for this requirement:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. ***Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice***. *Id.,* at 555, 127 S.Ct. 1955 (emphasis added).… Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. [Citation omitted.] Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Ashcroft*, 129 S. Ct. at 1949-50 (citation omitted; emphasis added).

Here, the only exception to the Middleman Statute that has been set forth in the Amended Complaint fails to allege sufficient facts upon which the Court can conclude that Premium Estore had any knowledge that properly used Efest batteries were prone to explode. As a result, the Middleman Statute should be applied to dismiss the claims asserted against Premium Estore.

Plaintiffs' anticipated plea that they be allowed an opportunity to try to prove their allegations likewise runs afoul of *Twombly*. *See* 550 U.S. 559-60 (noting granting such pleas engenders "the potentially enormous expense of discovery in cases with no reasonably founded hope that the discovery process will reveal relevant evidence." (brackets and internal quotations

7

omitted)). Here, there is not likely to be any evidence that shows Premium Estore had notice or knowledge that Efest batteries were prone to suddenly explode while being used properly.

### III. THE DISMISSAL SHOULD INCLUDE ALL CLAIMS.

Here the Kentucky Product Liability Act broadly defines the sorts of cases that should be barred under the Middleman Statute as follows:

> (1) As used in KRS 411.310 to 411.340, a "product liability action" shall include any action brought for or on account of personal injury, death or property damage caused by or resulting from the manufacture, construction, design, formulation, development of standards, preparation, processing, assembly, testing, listing, certifying, warning, instructing, marketing, advertising, packaging or labeling of any product.

KRS 411.300. This broad definition includes the strict products liability claims asserted by Plaintiffs along with the negligence claims, since they are based on the same allegedly defective product or failures to instruct, test, or warn. While Premium Estore believes the statute is broad enough to include the Kentucky Consumer Protection Act claims, there is a spate basis to dismiss those claims as a matter of law: Plaintiffs cannot show the requisite privity.

This Court addressed the privity requirement in *Tallon v. Lloyd & McDaniel*, 497 F. Supp. 2d 847, 854–55 (W.D. Ky. 2007):

> Tallon claims that Defendants violated section 367.170 of the KCPA, which prohibits all "unfair, false, misleading, or deceptive practices in the conduct of any trade or commerce." The KCPA provides:
>
>> Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by KRS 367.170, may bring an action....
>
> KRS § 367.220(1) (emphasis added). The Kentucky Court of Appeals considered the application of this statute in *Skilcraft Sheetmetal, Inc. v. Kentucky Machinery, Inc.,* 836 S.W.2d 907

8

Case 3:16-cv-00344-CHB-CHL Document 30-1 Filed 03/01/18 Page 9 of 11 PageID #: 314

(Ky.App.1992). The court in Skilcraft reviewed several other similar state consumer protection statutes in concluding that privity between the seller and the would-be plaintiff is required for a would-be plaintiff to have standing to bring a section 367.170 claim. Id. at 909–10. "The [Kentucky] legislature intended that privity of contract exist between the parties in a suit alleging a violation of the [KCPA]." Id. at 909.

Here, there is little question that Tallon is not in privity of contract with any of Defendants. Tallon obtained a credit card from Direct Merchants Bank and would, if the facts supported his claim, be able to bring a section 367.170 claim against Direct Merchants Bank. However, the bank sold Tallon's debt to Black Acre Enterprises, which in turn retained Defendants as counsel. Defendants are several steps removed from privity of contract with the Plaintiff. The language of the statute "plainly contemplates an action by a purchaser against his immediate seller." Skilcraft, 836 S.W.2d at 909. Tallon lacks standing to bring a KCPA claim under these circumstances, and thus his KCPA claim must be dismissed.

Plaintiffs do not allege that they were direct purchasers from Premium Estore, and in fact allege just the opposite, i.e., that they were direct purchasers of the Efest battery from Juice Box. As such, the Amended Complaint fails to state a claim under the KCPA against premium Estore.

### IV.  THE DISMISSAL HERE SHOULD BE WITH PREJUDICE.

Premium Estore anticipates that Plaintiffs will seek leave of Court to amend the Complaint to cure the deficiencies recited herein. The Court should not allow them to do so. In *Techdisposal.com, Inc. v. CEVA Freight Management,* 2009 WL 4283090 (S.D. Ohio November 30, 2009) the law on such a request was stated:

> The Sixth Circuit does not look favorably upon bare requests for leave to amend in a response to a motion to dismiss when the requesting party could have filed a proper motion to amend and attached a proposed amended complaint for consideration by the court. *See Pearson Enterprises, Inc.,* 434 F.3d at 853; *see also PR Diamonds, Inc. v. Chandler,* 364 F.3d 671, 699 (6th Cir. 2004); *Begala v. PNC Bank,* 214 F.3d 776, 783-84 (6th Cir. 2000). The court of appeals explains:
>
> > Had plaintiffs filed a motion to amend the complaint prior to th[e] Court's consideration of the motions to dismiss and

9

>     accompanied that motion with a memorandum identifying the
>     proposed amendments, the Court would have considered the
>     motions to dismiss in light of the proposed amendments to the
>     complaint . . . . Absent such a motion, however, Defendant was
>     entitled to a review of the complaint as filed pursuant to Rule
>     12(b)(6). *Plaintiffs were not entitled to an advisory opinion
>     from the Court informing them of the deficiencies* of the
>     complaint and then an opportunity to cure those deficiencies.

*PR Diamonds, Inc.,* 364 F.3d at 699 (quoting *Begala,* 214 F.3d at 784 (emphasis in original)).

## CONCLUSION

The claims against Premium Estore should be dismissed because (1) the manufacturer of the allegedly defective product is before the Court; (2) Plaintiffs have not alleged facts to support a claim that Premium Estore had any knowledge that would bring it into the exception of the Middleman Statute; and (3) the Kentucky Consumer Protection Act requires privity which was the opposite of what was alleged in the Amended Complaint.

For all of these reasons, Premium Estore asks the Court to enter a final and appealable judgment on the pleadings dismissing the claims of the Plaintiffs against it.

                                                  */s/ Edward H. (Ted) Bartenstein*
                                                  EDWARD H. (TED) BARTENSTEIN
                                                  PARRENT & OYLER
                                                  First Trust Centre, Suite 610 N
                                                  200 South Fifth Street
                                                  Louisville, KY 40202-3236
                                                  (502) 584-7500
                                                  Tbartenstein@parrentoyler.com
                                                  *Counsel for Defendant, Premium Estore, LLC*

## **CERTIFICATION**

      This is to certify that a true copy of the foregoing was filed with the ECF system on March 1, 2018, which will deliver electronic service of the same to:

| | |
|---|---|
| Jeremy J. Nelson, Esq. | Luke A. Wingfield, Esq. |
| Wilson Elser Moskowitz Edleman & Dicker, LLP | MCBRAYER, MCGINNIS, LESLIE, |
| 100 Mallard Creek Road, Suite 250 | & KIRKLAND, PLLC |
| Louisville, KY 40207 | 201 East Main Street, Suite 900 |
| Jeremynelson@wilsonelser.com | Lexington, Kentucky 40507 |
| *Counsel for Plaintiffs* | |

      It is further certified that a copy of the foregoing is being mailed on November 14, 2016 to the following party that has been served, but for which no appearance has been made:

Electronic Cigarettes, Inc.
279 Front Street
Binghampton, NY 13905

                                                        */s/ Edward H. (Ted) Bartenstein*
                                                        Edward H. (Ted) Bartenstein