UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ZACHARY LONG

And

KATIE LONG                                                          PLAINTIFFS


v.                                          CIVIL ACTION NO. 3:16-CV-00344-CRS


JUICE BOX VAPOR COMPANY;
PREMIUM ESTORE, LLC;
SHENZHEN FEST TECHNOLOGY;
ELECTRONIC CIGARETTES INC.
And
UNKNOWN DEFENDANTS A-Z, who, upon
information and belief, whether on its own or
acting in concert with another, did (a) manufacture,
design, sell, or distribute certain coils, as described
more particularly herein, to Juice Box and/or
(b) manufacture, design, sell or distribute Efest
battery and/or the Efest battery charger, as
described more particularly herein.                                  DEFENDANTS


**<u>MEMORANDUM OPINION</u>**

This case is before the court on plaintiffs Zachary Long and Katie Long's (collectively

"Plaintiffs") motion for default judgment on its claims against ShenZhen Fest Technology

Company, Ltd. ("ShenZhen"). ECF No. 29. ShenZhen has not responded. This matter is now ripe

for review. For the reasons stated below, this motion will be granted.

On June 3, 2016, Plaintiffs filed a Complaint against ShenZhen and others in this court.

ECF No. 1. Plaintiffs later amended this Complaint on October 24, 2016. ECF No. 14. The

Amended Complaint alleges that Zachary Long suffered bodily injury when an e-cigarette

exploded in his mouth. ECF No. 14, ¶ 23. The Amended Complaint further alleges that the e-

1

cigarette's battery—which was the source of the explosion—was designed, manufactured, and sold by ShenZhen. *Id.* at ¶ 4. Zachary Long states claims for strict liability, negligence, negligent infliction of emotional distress, and violations of the Kentucky Consumer Protection Act against ShenZhen. *Id.* at ¶¶ 115-88. Katie Long states a claim for loss of consortium against ShenZhen. *Id.* at ¶¶ 232-237.

On August 16, 2016, Plaintiffs issued a Summons in a Civil Action and a copy of the Complaint to ShenZhen. ECF No. 10. Pursuant to Federal Rules of Civil Procedure 4(h) and 4(f), the Summons and the copy of the Complaint were duly served upon ShenZhen in accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. ECF No. 21-1.

Plaintiffs now request this court to enter a default judgment against ShenZhen pursuant to Federal Rule of Civil Procedure 55(b). ECF No. 29. Specifically, Plaintiffs request that the court order and adjudge that they are entitled to any and all relief against ShenZhen to the full extent of any and all fault a jury does, or might, apportion to ShenZhen. *Id.* Plaintiffs further request that this court grant them leave to seek further relief as necessary to enforce, clarify, modify, and/or amend this judgment in default against ShenZhen. *Id.*

Under Federal Rule of Civil Procedure 55(b), "[a] party must apply to the court for a default judgment" when an opposing party fails to plead or otherwise defend against a claim. Before the court enters default judgment, there must be an entry of default by the Clerk of Court pursuant to Federal Rule of Civil Procedure 55(a).

Plaintiffs have satisfied the requirements of Rule 55(b). Plaintiffs properly served ShenZhen with the Summons and a copy of the Complaint in accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. ECF No. 21-1.

ShenZhen failed to answer or otherwise defend itself against this Complaint. Plaintiffs then obtained an entry of default against ShenZhen from the Clerk of Court. ECF Nos.24- 25. Therefore, default judgment against ShenZhen is appropriate.

For the aforementioned reasons, Plaintiffs' motion for default judgment against ShenZhen will be granted. An order will be entered in accordance with this memorandum.

April 13, 2018

**Charles R. Simpson III, Senior Judge**
**United States District Court**