UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| ZACHARY LONG, et al., | ) |
| | ) |
| Plaintiffs, | ) Civil Action No. 3:16-CV-344-CHB |
| | ) |
| v. | ) |
| | ) **MEMORANDUM OPINION AND** |
| JUICE BOX VAPOR COMPANY, et al., | ) **ORDER GRANTING JUDGMENT ON** |
| | ) **THE PLEADINGS** |
| Defendants. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant Premium Estore's ("Estore") Motion for Judgement on the Pleadings [R. 30]. The facts of this case have been fully established elsewhere in the docket and require only brief mention here. Plaintiff Zachary Long claims he was injured when the battery contained within the electronic cigarette he was using exploded. [R. 14] Estore sold the battery to Defendant Juice Box Vapor Company ("Juice Box"), a retailer, who in turn sold it to Plaintiff Zachary Long. The battery was originally manufactured by Defendant Shenzhen Fest Technology ("Shenzhen").

Estore moves for judgment on the pleadings on two grounds: (1) that all of the plaintiffs' claims are precluded by the defense offered to "middleman" suppliers under the Kentucky Middleman Statute KRS § 411.340, and (2) to the extent that the Kentucky Middleman Statute does not extend to claims under the Kentucky Consumer Protection Act ("KCPA"), the plaintiff has not pled the required privity for liability under the KCPA. For the reasons discussed below, the Court will grant Estore's motion.

I.   **Kentucky Middleman Statute KRS § 411.340**

When ruling on a motion for judgement on the pleadings pursuant to Fed. R. Civ. P. 12(c) the district court uses the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

*Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008). Under Rule 12(b)(6) the Court must find "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A complaint is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). A motion brought pursuant to Rule 12(c) is properly granted when "no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007).

In diversity cases such as this one the Court must apply Kentucky law. *BMW Stores, Inc. v. Peugeot Motors of Am., Inc.*, 860 F.2d 212, 214 (6th Cir. 1988). In its motion for judgment on the pleadings Estore argues that the plaintiffs cannot make out a colorable claim for liability due to the protections afforded by the Kentucky Middleman Statute. [R. 30-1 at p. 4] The statute protects a wholesaler, distributor, or retailer from liability where (a) the manufacturer is subject to the court's jurisdiction; (b) the product is sold in its original condition or in the same condition in which it was received by the middleman; (c) the middleman did not breach an express warranty; and (d) the middleman did not know or have reason to know that the product was unreasonably dangerous. KRS §411.340; *Turpin v. Stanley Schulze & Co., Inc.*, 2008-CA-000298-MR, 2009 WL 875218 (Ky.Ct.App. Apr. 3, 2009). The purpose of this statute is to "protect middlemen who 'merely sell' another manufacturer's products." *Parker v. Henry A. Petter Supply Co.*, 165 S.W.3d 474, 477 (Ky.Ct.App. 2005).

The first element is easily met as default judgment has been entered against Shenzhen, the manufacturer, both on the defendant's crossclaims and the plaintiffs' claims. [R. 27; R. 35]

With respect to the second element, plaintiffs fail to make any allegation that the product was sold in an altered condition or package, and if anything, their Complaint indicates that the product was in its original condition throughout its chain of sale from the manufacturer. [R. 30-1 at p. 4] Estore also meets the third and fourth requirements for protection under the Kentucky Middleman Statute. Plaintiffs failed to adequately plead that Estore made an express warranty as to the safety of the product (*See infra* Section II), or that Estore knew or should have known that the product was unreasonably dangerous.

In their complaint plaintiffs allege that the defendant "knew or should have known that the Efest battery was designed and manufactured with a propensity to explode." [R. 14 at ¶85] Such a conclusory allegation, standing alone, fails to reach the pleading standard established by *Twombly* and *Iqbal* as it does not allege any facts that would establish that the defendant had knowledge of the allegedly dangerous condition of the battery. *Iqbal*, 556 U.S. at 678. A complaint that simply recites the elements of a cause of action without any factual support does not state a claim upon which relief may be granted. The plaintiff provides no facts from which the Court can conclude that the defendant had prior knowledge of the dangerousness of the battery in question. Clearly, such conclusory allegations fail to overcome the protections afforded by the Kentucky Middleman Statute. *See Weixler v. Paris Co.*, No. 3:02-CV-390-H, 2003 WL 105503 (W.D.Ky. Jan. 2, 2003) ("Plaintiffs must allege some more specific or special knowledge of dangerousness to avoid the protections afforded by KRS 411.340"); *Funk v. Wagner Machinery*, 710 S.W.2d 860, 862 (Ky.Ct.App. 1986) (dismissing case where record "void of any facts from which the court could infer that the distributors should have been aware of the product's alleged defect").

II.     **Kentucky Consumer Protection Act KRS § 367.170**

In its motion for judgment on the pleadings Estore argues that even if the Kentucky Middleman Statute does not sweep broadly enough to protect against plaintiff's claims under the KCPA, judgment on the pleadings must nevertheless be granted on these claims as plaintiffs fail to plead the requisite privity required by the statute. [R. 30-1 at p. 8] The Court agrees. The Court need not decide the sweep of the protections afforded by the Kentucky Middleman Statute because plaintiffs' Complaint also fails to state grounds for relief under the KCPA.

In their Eighth Claim for Relief plaintiffs allege Estore violated the KCPA by, amongst other things, (1) misrepresenting that the subject Efest batteries were suitable for use in e-cigarettes, (2) failing to disclose material information concerning the safety of the subject Efest batteries, and/or (3) failing to disclose material information concerning the safety of the subject Efest batteries when used with low resistance coils. [R. 14 at p. 14] The KCPA allows recovery by:

> Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice decided unlawful by KRS 367.170, may bring an action … to recover actual damages.

KRS § 367.220(1). KRS § 367.170 states that in order for a plaintiff to assert a KCPA cause of action, it must allege that the defendant engaged in "[u]nfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce," and further that these practices caused plaintiff harm. KRS § 367.170.

Kentucky courts have held that the language of the statute "plainly contemplates an action by a purchaser against his immediate seller," thereby requiring privity of contract with the defendant in order for the plaintiff to maintain a suit under the KCPA. *Skilcraft Sheetmetal, Inc. v. Ky. Machinery, Inc.,* 836 S.W.2d 907, 909 (Ky.App. 1992). This rule has been modified,

however, so that privity is not required in cases in which the end-user plaintiff relied on warranties made by the defendant when they purchased the item in question. *Naiser v. Unilever U.S., Inc.,* 975 F.Supp.2d 727, 743 (W.D.Ky. 2006) (citing *Ford Motor Co. v. Mayes,* 575 S.W.2d 480 (Ky.App. 1978)).

Estore first argues that plaintiffs cannot maintain their claims under the KCPA because plaintiffs have not alleged that they were in privity of contract with the defendant. [R. 30-1 at p. 8] The Court agrees. Plaintiffs' Complaint, as conceded by plaintiffs in response, states that Plaintiff Zachary Long was not a direct purchaser from Estore, and therefore there is no privity of contract. Rather, the battery was purchased from Defendant Juice Box, a retailer, based on their recommendation. [R. 14 at ¶15]

Further, plaintiffs may not rely on the exception to the privity requirement because plaintiffs failed to adequately plead that Estore made an express warranty regarding the safety of the Efest battery. [R. 33 at p. 11] In its Response, plaintiffs only state that because the existence of a warranty is an issue of fact, it requires discovery and cannot be disposed of under a motion for judgment on the pleadings. [R. 31-1 at p. 7] Plaintiffs' Complaint fails to allege *any* express warranty made by Estore regarding the safety of the Efest battery. Throughout their Complaint plaintiffs simply make a vague, conclusory allegation that Estore "[m]isrepresent[ed] that the subject Efest batteries were suitable for us[e] in e-cigarettes." [R. 14 at ¶¶ 79, 111, 185] Plaintiffs make no effort to show what specific warranties were made by Estore that misrepresented the safety of the Efest batteries.

These allegations stand in stark contrast to cases in which courts have found there to be an express warranty to an end user, thereby obviating the privity requirement. In *Naiser*, for example, this Court found there to be an express warranty based on several specific

misrepresentations by the original manufacturer to the end user, such as (1) representing that the product's effects would last no longer than 30 days when in fact the product's effects could be expected to last for months, and (2) representing that the product contained no formaldehyde when in fact the product contained a chemical known to release formaldehyde upon its use. *Naiser,* 975 F.Supp.2d at 741. On the other hand, in *Estate of DeMoss by and through DeMoss v. Eli Lilly Company* this Court found the *Naiser* exception to be inappropriate where the plaintiff alleged that the defendant marketed, advertised, and promoted their medicine as "a new antiplatelet treatment alternative to clopidogrel (Plavix)" but failed to warn that it "created [a] significantly increased risk of bleeding as compared to its competitor Plavix." *Estate of DeMoss by and through DeMoss v. Eli Lilly and Co.*, 234 F.Supp.3d 873, 885 (W.D.Ky. 2017).

Plaintiffs here fail to allege any representations even as specific as those found to be inadequate to create a warranty in *DeMoss*. Ultimately, in both of these cases liability turned on the existence of express warranties "clearly intended for the product's consumers." *Naiser*, 975 F.Supp.2d at 739-40. Plaintiffs fail to plead such warranties, and cannot simply repeat form allegations that Estore failed to adequately warn them of the batteries' potential danger without pointing to any particular express warranties made to them in the promotion of the product.

Having reviewed the Motion, and the Responses and the Court being otherwise sufficiently advised;

**IT IS HEREBY ORDERED** as follows:

1. The Motion for Judgment on the Pleadings [**R. 30**] is **GRANTED**.

2. The plaintiffs' claims [**R. 14**] are **DISMISSED WITHOUT PREJUDICE** as to Defendant Premium Estore.

This the 22nd day of February, 2019.



CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY